DAVID B. GOLUBCHIK (State Bar No. 185520)
JEFFREY S. KWONG (State Bar No. 288239)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYB.com; JSK@LNBYB.COM

Attorneys for Debtor and Debtor in Possession

Pedram Minoofar (SBN 198599)
YADEGAR, MINOOFAR & SOLEYMANI LLP
1875 Century Park East
Suite 1240
Los Angeles, California 90067
Telephone: (310) 499-0140
Facsimile: (888) 534-0290
Email: PEDRAM@YMSLLP.COM

Special Litigation Counsel for Debtor

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Case No. 2:16-bk-13575-ER |
| | ) |
| LIBERTY ASSET MANAGEMENT CORPORATION | ) Chapter 11 |
| | ) |
| Debtor and Debtor in Possession. | ) **SECOND AND FINAL APPLICATION OF SPECIAL LITIGATION COUNSEL, YADEGAR, MINOOFAR & SOLEYMANI LLP FOR APPROVAL OF FEES AND REIMBURSEMENT OF EXPENSES; DECLARATION OF PEDRAM MINOOFAR IN SUPPORT THEREOF** |
| | ) |
| | ) |
| | ) <u>Hearing:</u> |
| | ) Date:    October 21, 2020 |
| | ) Time:    10:00 a.m. |
| | ) Place:   Courtroom 1568 |
| | )            255 E. Temple Street |
| | )            Los Angeles, CA |
| | ) |

1

**TO ALL INTERESTED PARTIES:**

**YADEGAR, MINOOFAR & SOLEYMANI LLP** ("<u>YMS</u>"), special litigation counsel to Oak River Asset Management, LLC ("Oak River" or "Debtor"), hereby submits its Second Interim Application for Approval of Fees and Reimbursement of Expenses (the "<u>Application</u>") for services rendered and expenses incurred for the period of September 1, 2018 through July 31, 2020 (the "<u>Covered Period</u>").  Any opposition or responsive paper must be filed and served at least fourteen (14) days prior to the hearing on this Application in the form required by Local Bankruptcy Rule 9013-1(f).

I.

**INTRODUCTORY STATEMENT**

For over two (2) years prior to filing for bankruptcy protection, Debtor was represented by litigation counsel (and even for a short while after the Debtor filed for bankruptcy protections).  During that time, Debtor's *prior litigation counsel* failed to resolve any portion of the litigation against the Debtor.  Quite the opposite, the litigation was mired in discovery disputes; there were motions to compel further discovery responses against the Debtor (which could have subjected the Debtor to monetary and/or non-monetary sanctions), no dispute resolution proceedings were contemplated, and no effort was made to attempt to narrow issues for the trial.

Shortly after the Debtor filed its bankruptcy petition (on or about July 12, 2016), predecessor counsel advised the Debtor that it no longer wished to represent the Debtor in the state court litigation.  After numerous discussions and consultations, YMS was retained.

Since its retention, YMS made every effort to minimize the risks and liabilities of the Debtor.  To that end, as part of YMS's First Interim Application, YMS liquidated the claims against the Debtor which had a value of over $1.3 million for the sum of $350,000.

Although YMS also preserved the affirmative claims of the Debtor against the contractors' insurance carrier.  However, based on further discovery and litigation efforts, it

2

became clear that continued litigation of said claims was unlikely to yield any significant returns to the Debtor.

This was because the contractors, through discovery, made it clear that they intended to dispute every fact related to these claims. And, much of disputes involved *verbal* discussions, agreements, and directives by and between the Debtor's prior management team and the contractors. Because of refusal of the *prior management* of the Debtor to assist YMS to prepare the prosecution of Debtor's affirmative claims the viability of those claims became doubtful.

## II.

## SUMMARY

| Name of applicant | YMS |
|---|---|
| Name of client | Debtor |
| Time period covered by this application | <u>Start:</u> September 1, 2018<br><u>End:</u> July 31, 2020 |
| Total fees sought this period | $64,509.00 |
| Total expenses sought this period | $10,952.98 |
| Total fees and expenses sought this period | $75,461.98 |
| Pre-petition retainer remaining on the Petition Date | $0.00 |
| Total fees and expenses sought to be paid this period | $75,461.98 |
| Petition date | July 12, 2016 |
| Date of entry of order approving employment | December 1, 2016 with employment effective as of October 19, 2016 |
| Total compensation approved by interim order to date | First Interim Fee App.: $478,487.18 |
| Total expenses approved by interim order to date | First Interim Fee App.: $10,557.84 |

| Total allowed compensation paid to date | First Interim Fee App.:  $478,487.18 |
|---|---|
| Total allowed expenses paid to date | First Interim Fee App.:  $10,557.84 |
| Blended rate in this application | $525.20 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | N/A |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | N/A |

### III.

### FEES AND EXPENSES INCURRED AND NOTICE

**A.**     **REQUEST FOR ALLOWANCE AND PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES**

At retention, YMS did **not** receive a retainer from the Debtor or any other party/source. And, since retention, YMS has not been paid any post-petition amounts from the Debtor or any other party/source.

During the period covered by the first interim fee application, and subsequent order entered on October 24, 2018 [Docket No. 157], YMS' interim fees, in the amount of $478,487.18, and expenses, in the amount of $10,557.84, for total aggregate fees and expenses of $489,045.02, were allowed. Upon such allowance, the amount of $20,313.45 was paid by the Debtor.

During the Covered Period, YMS incurred fees in the amount of $64,509.00 and expenses in the amount of $10,952.98 for total fees and expenses in the amount of $75,461.98. Accordingly, by way of this Application, YMS is seeking the Court's final approval of the first interim fee application and, further, final approval of fees and costs incurred during the Covered period, with payment thereof.

**B.    PROPER NOTICE**

YMS has been advised and understands that LNBYB has served notice of this Application and the amount of fees and expenses sought herein upon the Debtor, secured creditors or their counsel, and all parties who have requested special notice.

**IV.**

**STATEMENT OF FACTS AND RELEVANT INFORMATION**

**A.    BRIEF NARRATIVE HISTORY AND SIGNIFICANT EVENTS DURING THE CASE**

**1.    Background.**

a.    The Debtor commenced its chapter 11 bankruptcy case by filing a voluntary petition under chapter 11 of title 11, sections 101 *et seq.* of the United States Code, (the "Bankruptcy Code") on July 12, 2016 (the "Petition Date").

b.    No committee of unsecured creditors has been formed, and no trustee has been appointed.  The Debtor continues to operate its business and manage its financial affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

c.    The Debtor is wholly owned by Liberty Asset Management Corporation ("Liberty"), which is in its own pending Chapter 11 bankruptcy case (Case No. 2:16-bk-13575-ER).

d.    In 2012, an entity by the name of Pacific Sunshine Investments, LLC ("Pacific"), an affiliate of Liberty, acquired a 100% interest in that certain residential real property containing a single family residence located at 119 Furlong Lane, Bradbury CA 91008 (the "Property"), through a trustee's deed after a foreclosure sale of the Property.  The Property consists of a luxurious single family residence with seven (7) bedrooms, ten (10) bathrooms,

pool, basketball court, and tennis court – totaling more than 12,000 square feet.  The Property is located in the affluent and exclusive Bradbury Estates community, which has one of the most expensive zip codes in America.

  e.  In 2013, Pacific transferred its interest in the Property to the Debtor, as 50% holder, and to two (2) entities controlled by Ta Lin Hsu ("Hsu"): TLH REO Management LLC (36% interest in the Property) and Han Ding Holdings LTD (14% interest in the Property).

**2.**  **Liberty Asset Management Corporation.**

  a.  Liberty Asset Management Corporation ("Liberty") was a real estate investment company that bought and sold real property using a combination of its own cash, cash from investors, and bank loans. Liberty filed a petition under chapter 11 of the Bankruptcy Code on March 21, 2016 (the "Petition Date").

  b.  On June 18, 2018, the Court confirmed the *Official Unsecured Creditors' Committee's First Amended Chapter 11 Plan of Liquidation Dated January 31, 2018* (the "Liberty Plan"), which went effective on July 2, 2018.

**3.**  **Litigation and Resulting Settlements.**

  c.  On the Petition Date, the Debtor was a named party in a number of litigation matters:

- *AHA 2012 LLC, et. al. v. Oak River Asset Management LLC, et. al.*, United States Bankruptcy Court, Central District of California, Case No. 2:16-ap-01278-TD (the "Liberty Investor Action");

- *Prolien Services LLC v. Oak River Asset Management LLC, et. al.*, Superior Court of California for the County of Los Angeles, Case No. BC554385 (the "Prolien Action"); and

- *Oak River Asset Management LLC v. TLH REO Management LLC and Han Ding*

6

*Holding, LTD*, Central District of California, Case No. 2:16-ap-01333-TD (the "363(h) Action").

d.      The Liberty Investor Action and the Prolien Action were previously removed from the Superior Court of California (the "State Court") to this Court for adjudication, in conjunction with the Liberty Case and this bankruptcy case.  The Liberty Investors recorded a *Notice of Lis Pendens* with respect to the Property.

e.      Prolien was a successor in interest to certain contractors that performed services on the Property and who recorded a mechanic's lien on the Property.  Through the Prolien Action, Prolien Services LLC ("Prolien") sought to foreclose on its mechanics' lien for certain alleged labor and services that it performed on the Property.  In turn, the Debtor, among other parties, has asserted counterclaims against Prolien and other parties for damages resulting from poor and negligent workmanship to the Property.  Prolien recorded a *Notice of Lis Pendens* with respect to the Property.

f.      Post-Petition, the Debtor filed the 363(h) Action on July 26, 2016 requesting Court authorization to sell the Property free and clear of any partial interests therein pursuant to Bankruptcy Code section 363(h).  After discussions, the parties to the 363(h) Action entered into a settlement, the terms of which are memorialized in that certain "*Stipulation Resolving Complaint For Sale Of Interests Of Co-Owners In Property Of The Estate*" (the "Stipulation") which provided, among other things, that consistent with 11 U.S.C. § 363(h), the Debtor shall have the right to employ professionals to market and sell the Property subject to certain conditions.

g.      On November 4, 2016, the Debtor filed a motion for Court approval of the settlement pursuant to Federal Rule of Bankruptcy Procedure 9019 [Doc. No. 76] (the "9019 Motion"), which was granted by a Court order entered on December 6, 2016 [Doc. No. 86] (the

"9019 Order").  The 9019 Order provided for the dismissal of the 363(h) Action, and the Debtor

filed a notice of dismissal for the 363(h) Action, as required by the 9019 Order, on December

15, 2016 [Adv. Doc. No. 21].

h.      Although the process of marketing the Property was settled, as discussed above,

the Debtor and Co-Owners still faced substantive disputes.  The Debtor continued to engage in

good faith settlement discussions with the Co-Owners with respect to various disputes relating

to the ownership of the Property.  After extensive negotiations, the parties reached a settlement.

In summary, the material terms of the settlement with the Co-Owners is as follows:

> i.      The Co-Owners will transfer their collective 50% interest in the Property
>
> to the Debtor, whereby Debtor will hold a 100% interest in the Property;
>
> and
>
> ii.      Upon sale of the Property, the Co-Owners will be paid $850,000 from the
>
> sale proceeds, which obligation will be evidenced by a recorded deed of
>
> trust.

i.      The transfers of the Co-Owners' interests in the Property have been effectuated

through executed and recorded quitclaim deeds.  Thus, the Debtor became the 100% owner of

the Property.

**4.      Sale of Property.**

j.      The Debtor employed, subject to court order, Coldwell Banker Residential

Brokerage ("Coldwell Banker"), to market and sell the Property.  Specifically, the Debtor

sought the assistance of Gary Lorenzini and Ronald Chang of Coldwell Banker for this

engagement.   Mr. Lorenzini has over thirty-seven (37) years of residential real estate

experience, with twenty-five (25) years of managing and selling bank REOs for Fannie Mae,

Freddie Mac, Glendale Federal, PHH Asset Management and Countrywide.  Mr. Chang is an

Executive Sales Director with Coldwell Banker and has extensive knowledge of the San Gabriel Valley area (where the Property is located), having sold over $100 million dollars of residential and commercial real estate in that area.

k.    Although offers were received from time to time, after passage of the due diligence period, there were no contracts.

l.    Eventually, after extensive continuing efforts, the Debtor received an offer from Yeung Sai Yeung ("Buyer").  Negotiations ensued.  Eventually, the parties agreed on a sale price of $6,900,000 for the Property.

m.    The Debtor filed its motion to approve the sale to Buyer, subject to overbid.  At the sale hearing, no overbids were received.  The sale was approved to the Buyer free and clear of liens, claims and encumbrances.  After payment of sale costs and other liens not subject to dispute, the estate has net proceeds of approximately $4.1 million.

5.    **ProLien Litigation and Resulting Settlement.**

a.    As discussed above, prior to the Petition Date, Pioneer General Engineering Contractors, Inc. ("Pioneer") and Hummer Construction Inc., through their principals, Nasir Eftekhari and Hamed Eftekhari, performed certain construction services at the Property. Disputes arose as between the owners of the Property and Hummer, and its related parties and persons, with respect to the billing and the work on the Property.  Although disputes were ongoing, Pioneer recorded a Mechanic's Lien on the Property in the principal amount of $761,213.  The Mechanic's Lien was assigned to Prolein Services, LLC ("Prolien").  Prolien asserts that the amount of the obligation subject to the Mechanic's Lien was in excess of $1,300,000.

b.    On or about August 18, 2014, Prolien filed an action in the California Superior Court entitled Prolien Services LLC v. Pacific Sunshine Investments, LLC, et al., Superior Court

No. BC554385 (the "Prolien Action").  A First Amended Complaint was filed in the Prolien Action on September 28, 2014 and a Second Amended Complaint was filed on May 18, 2015.

c.    On or about June 18, 2015, certain defendants in the Prolien Action filed a Cross-Complaint (the "Cross-Complaint") in which they named Pioneer General Engineering Contractors, Inc., ("Pioneer"), Hummer Construction Inc., ("Hummer"), Nasir Eftekhari and Hamed Eftekhari, (collectively "Contractors") as cross-defendants, among others.  The Cross-Complaint was amended twice, on July 20, 2015 and February 22, 2016, respectively.

d.    On or about March 22, 2016, Pioneer filed a Cross-Complaint against the Debtor, Liberty CMC Corporation, TLH, and Han Ding (the "Second Cross-Action").

e.    As discussed in the First Interim Application, after extensive negotiations and discussions, the parties reached a settlement of their disputes pursuant to which the underlying litigation will be dismissed and the estate will pay $350,000 to ProLien in full and complete resolution of ProLien's claims against the estate, including on account of the mechanic's lien (which had a value of $1,300,000 plus interest and costs).  In addition, the estate reserved the right, and to continue to pursue, the Contractors' insurance company to recover damages associated with the work performed by the Contractors.  The settlement was approved by the State Court.

f.    Once the settlement was approved, the parties entered a new phase of the litigation focused solely on the allegations asserted by the Debtor against the Contractors. During discovery relating to the same, the Contractor parties made it clear that they were going to dispute nearly every fact in the case (especially facts surrounding the work they performed). As a result, it was imperative that the Debtor's predecessor management team cooperate with YMS in preparing a cohesive trial presentation.  Instead of cooperation, YMS was stonewalled. Each of the Debtor's predecessor management team failed and refused to voluntarily appear for

interviews.    Moreover, once subpoenaed, the 2 management members who clearly had substantial involvement with the Contractors, disclaimed any responsibility for the project.

       g.     This left YMS with little leverage to force a substantially favorable settlement.

## 6.    Debtor's Chapter 11 Plan Of Liquidation, And Confirmation Thereof.

On August 5, 2020, the Debtor filed its "*Chapter 11 Plan*" [Doc. No. 231] (the "Plan"). At the time that the Plan was filed, the Debtor's bank accounts were holding funds in the aggregate amount of approximately $1,034,640.45 (the "Estate Funds"). Excluding administrative claims (which were estimated to total approximately $230,000), the total amount of the claims asserted against the Debtor's estate that have not yet been satisfied was $30,929.34. As a result, the Plan proposed to: (1) first, allocate estate funds to pay all allowed and remaining claims in full on the effective date of the plan; and (2) second, distribute any remaining Estate Funds to Liberty, as the 100% equity holder of the Debtor.

The hearing on the Plan took place on September 2, 2020, and the Court entered its "*Order Confirming Debtor's Chapter 11 Plan*" [Doc. No. 239] (the "Confirmation Order") on September 10, 2020.  Pursuant to the Plan, the effective date of the Plan would be fifteen (15) days after entry of the Confirmation Order, which is September 25, 2020.  As a result, the reorganized debtor has already made, or will be making distributions authorized pursuant to the Plan and Confirmation Order.  Once all Plan distributions are completed, the reorganized debtor will file a motion for final decree so that the bankruptcy case can be closed.

## B.    RETENTION AND DATE OF THE ENTRY OF THE ORDER APPROVING THE DEBTOR'S EMPLOYMENT OF YMS

The Debtor retained YMS to serve as its special litigation counsel with such employment to be effective as of October 1, 2016.  The Court approved the Debtor's retention of YMS by Court order entered on December 1, 2016 [Docket No. 84] (the "Employment Order"), which the

Debtor's employment of YMS effective as of the October 19, 2016.  The Debtor and YMS agreed that YMS would bill its time in accordance with YMS's standard hourly billings rates and expenses.  YMS's employment application was made and approved by the Court pursuant to Section 327 of the Bankruptcy Code, with YMS's fees and expenses to be subject to review and approval by the Court pursuant to Section 330 of the Bankruptcy Code.

**C.**    **FEES AND EXPENSES PREVIOUSLY REQUESTED**

On or about October 24, 2018 [Docket No. 157] this Court approved YMS's First Interim Fee Application in the amount of $489,045.02, which has been paid.  Other than the forgoing, YMS has not been paid any post-petition money by the Debtor; YMS was not paid a retainer by the Debtor or any other party.

**D.**    **BRIEF NARRATIVE OF THE SERVICES RENDERED**

The Debtor was the owner of a property with the common address of 119 Furlong Lane, Bradbury, CA   91008 ("Property").[1]  In or around January 2013, Liberty CMC (aka Liberty Capital Management Corporation) received a proposal from Pioneer General Engineering Contractors, Inc. ("Pioneer") to remodel portions of the Property.  Pioneer's principal is Nasir Eftekhari ("Nasir").  The Debtor and Oak River contend that Hummer Construction Crop. ("Hummer") which is owned by Nasir's son, Hamed Eftekhari ("Hamed"), also performed work on the Property.  Pioneer, Hummer, Hamed and Nasir may hereinafter collectively be referred to as the "Contractor Entities."

Although no contract was signed, in or around January 2013, the Contractor Entities started work on the project.  Although the project was mired with disputes, the Contractor

---

[1] Initially, Oak River was a 50% owners of a Property; the other 50% of the Property was owned by TLH REO Management LLC and Han Ding Holding, Ltd. (collectively "TLH Entities"). Pursuant to a settlement agreement between Debtor and TLH Entities, 100% of the Property's ownership was transferred to Debtor.

Entities performed work on the project until in or around March 2015 when the Contractor Entities were terminated.

Throughout the construction, there was no written contract, **no written approved** change orders, and no other written agreements relating to the work to be performed or the value attributed to the same. Given this dearth of documentary evidence, the participation of the key personnel charged with managing the construction project remained critical. As discussed below, such participation was totally absent throughout the YMS's representation of the Debtor and Oak River.

At termination, the Contractor Entities claimed that they were owed approximately $961,213.00 for labor, materials, services, and equipment they claimed they furnished to the Property. To secure said claim, on or about May 21, 2014, Pioneer recorded a mechanic's lien in the Recorder's Office for the County of Los Angeles, bearing instrument no. 2014-052833 against the Property ("Lien #1"). Thereafter, on or about September 4, 2014, Pioneer recorded another mechanic's lien in the Recorder's Office for the County of Los Angeles, bearing instrument no. 2014-0931680 against the Property ("Lien #2"). To perfect its mechanic's lien claim, on or about August 18, 2016, ProLien (Pioneer's assignee) filed a lawsuit in Los Angeles County Superior Court captioned, *ProLien Services, LLC v. Pacific Sunshine Investments, LLC, et al.*, Case No. BC554385, against various parties (the "Lawsuit"). In the State Action, the Contractor Entities sought in excess of $1.3 million for reasonable value of work performed, inclusive of interest and court costs.

As part of the Lawsuit, Debtor, among others, filed a cross-complaint against the Contractor Entities under various theories of liability ("Debtor Cross-Complaint"). Pioneer also filed a separate cross-complaint against the Debtor and related entities ("Pioneer Cross-Complaint"). The Lawsuit, the Debtor Cross-Complaint and the Pioneer Cross-Complaint are

collectively referred to as the "State Action."

Based on the records obtained, it appears that in or around the time the Debtor terminated the Contractor Entities (e.g., March 2014), and counsel was engaged to commence litigation. Based on review of the litigation records, it appears that from August 2014 (when the State Action was initiated) until about October 19, 2016, the Debtor and the Contractor Entities were mired in heated litigation tactics designed simply to increase litigation costs and delay the trial. Both parties filed multiple motions to compel discovery responses, deposition testimony, and production of documents, all with little beneficial result in the litigation. The lack of progress in the case can be exemplified by the fact that, after 2 years of litigation (until YMS took control of the Lawsuit), the Debtor had not produced any documents in response to discovery by the Contractor Entities.

Similarly, the parties had not mediated their disputes and no dispute resolution was contemplated.

As part of representing the Debtor, YMS reviewed the extensive litigation files of the prior counsel documenting the extensive litigation of issues in the case.

Throughout the litigation, YMS received little or no help from the ***prior management*** team of the Debtor. Specifically, based on the available records, there appeared to be 5 individuals who had substantive roles in the monitoring and management of the construction work at the Property: (1) Benjamin Kirk; (2) Lucy Goa; (3) Samantha Galapin; (4) Vanessa Lavendera aka Vanessa Von Holland; and (5) Nicole Riley.

Much to the detriment of the Debtor, none of aforementioned persons were willing to voluntarily assist YMS in its litigation efforts. Specifically, Mr. Kirk (through counsel) refused to meet with YMS to discuss the facts of the case. Much like Mr. Kirk, all other mentioned individuals refused to assist YMS in its fact-gathering efforts.

Upon settling the Contractor's affirmative claims, the parties entered a new phase of the litigation focused solely on the allegations asserted by the Debtor against the Contractors. During discovery relating to the same, the Contractor parties made it clear that they were going to dispute nearly every fact in the case (especially facts surrounding the work they performed). As a result, it was imperative that the Debtor's predecessor management team cooperate with YMS in preparing a cohesive presentation for the trial of this matter.  Instead of cooperation, again, YMS was stonewalled.  Each of the Debtor's predecessor management team failed and refused to voluntarily appear for interviews.  Moreover, once subpoenaed, the 2 management members who clearly had substantial involvement with the Contractors, disclaimed any responsibility for the project.

Given the total failure of the prior personnel of the Debtor to assist prosecute the claims of the Debtor against the Contractor Entities, lack of documentary evidence, and costs associated with a trial, YMS determined that the best course of action was to settle this dispute and, with the approval of the Debtor (and this Court), YMS settled the Debtor's affirmative claims for $50,000 being paid to the Debtor's estate.

Given the likely extensive trial relating to the Contractor Entities' affirmative claims, the associated costs, and the inability of the Debtor to recover its attorneys' fees, potential credibility issues, and lack of cooperation from the ***prior management team*** for the Debtor, the aforementioned settlement represents a very effective result for the Debtor and Oak River.

E.      **BRIEF NARRATIVE STATEMENT OF SERVICES RENDERED, TIME EXPENDED, AND FEES CHARGED**

YMS records all time to reflect a summary of the actual activities undertaken by the firm's professionals.  Since the First Interim Application, YMS has

- Attended site inspections (with and without experts) to determine the nature and extent of the Debtor's affirmative claims;

- Prepare mediation brief;

- Attend mediation with the Contractor's insurance carrier to determine whether settlement was possible;

- Oppose discovery and trial related motions;

- Confer with bankruptcy counsel regarding litigation options;

- Prepare for expert discovery;

- Engage in preliminary exchange of trial information;

- Prepare preliminary trial exhibits; and

- Settle the Action.

**F.**     **DETAILED LISTING OF ALL TIME SPENT BY THE PROFESSIONAL ON THE MATTER FOR WHICH COMPENSATION IS SOUGHT**

Attached as **Exhibit "1"** to the annexed Declaration of Pedram Minoofar is a detailed listing of all time that YMS spent during the Covered Period for which YMS seeks compensation, including the date YMS rendered the service, a description of the service, the amount of time spent and a designation of the person who rendered the service for the period of time for the Covered Period.  Also included in **Exhibit "1"** is a copy of invoices prepared by YMS reflecting services rendered in the State Action.  YMS' invoices reflect the number of hours and fees charged by each of YMS's attorneys that performed services for the Debtor as well as expenses incurred by YMS.

**G.**     **DETAILED LISTING OF EXPENSES BY CATEGORY**

**Exhibit "1"** also includes a listing, by category and an itemization, of all expenses that YMS advanced on behalf of the Debtor and Oak River in the State Action.  These include

YMS's expenses incurred in photocopying, mailing, research charges, and hiring messenger services. YMS generally handles regular and routine photocopying in-house for which YMS charges clients $0.15 per page.  While YMS believes that this is less than YMS's actual expenses incurred with regard to the photocopying machines, supplies and labor associated with providing photocopying services; this charge is ***substantially less*** than the photocopying charge recommended by the UST in the Central District of California.  YMS's photocopy machines automatically record the number of copies made when the person that is photocopying enters the client's account number into a device attached to the photocopy machine.  Whenever feasible, YMS sends large copying projects to outside copy services that charge bulk rates for photocopying.  In such instances, YMS charges clients the same amount that YMS pays the outside service.

YMS does ***not*** charge clients for sending or receiving telecopies.  This is despite the fact that, in the legal industry and the standards set forth by the UST in the Central District of California allow for the recovery of such charges.  Nor does YMS charge clients for travel mileage expenses despite the fact that in the legal industry and the standards set forth by the UST in the Central District of California allow for the recovery of such charges.

All expenses that YMS advanced on behalf of the Debtor were necessarily incurred and are properly charged as administrative expenses of the Debtor's chapter 11 estate.

When YMS uses Lexis and Westlaw, the user inputs the client account number or case name for the research to be performed.  Each month, YMS receives a Lexis and Westlaw invoice which reflects both an aggregate total of charges incurred by YMS for the month, as well as a break out of the specific charges incurred on behalf of each client (identified by name or client account number).  The amount(s) reflected on the monthly invoice is then entered by YMS staff

to the appropriate client account number as identified on the invoice.  There is no profit or other additional charge added to the amount reflected in the Lexis and Westlaw invoice.

**H.    DESCRIPTION OF PROFESSIONAL EDUCATION AND EXPERIENCE**

YMS is currently comprised of 5 lawyers, 3 partners, 1 senior counsel, and 1 associate. YMS is comprised of attorneys who specialize in and limit their practice to matters of construction disputes, real estate transactions and litigation, employment law, and intellectual property disputes, and is well qualified to represent the Debtor.  All attorneys comprising or associated with YMS are admitted to practice law in the California courts.  Attached hereto as **Exhibit "3"** is a listing of the current hourly billing rates for each of YMS's professionals. Despite the fact that YMS typically increases the hourly rates for its professionals and paraprofessionals on an annual basis, due to the Debtor's bankruptcy status, YMS has maintained its rates for the Debtor throughout its representation.

**V.**

**CONCLUSION**

WHEREFORE, YMS respectfully requests that this Court enter an order:

1.    Approving on a final basis the prior award of fees and expenses pursuant to YMS' first interim fee application;

2.    Approving on final basis fees of $64,509.00 and expenses of $10,952.98 for total fees and expenses of $75,461.98 incurred during the Covered Period of September 1, 2018 through July 31, 2020;

3.    Authorizing YMS to be paid its unpaid balance of $ 75,461.98 from funds available on hand; and

1        4.       Granting such other and further relief as the Court deems just and proper.

2

3    Dated: September 30, 2020          LEVENE, NEALE, BENDER, YOO & BRILL
                                   L.L.P.

4

5                                  By:___*/s/ David B. Golubchik*_____

6                                      DAVID B. GOLUBCHIK
                                  LEVENE, NEALE, BENDER, YOO

7                                      & BRILL L.L.P.
                                  Attorneys for Chapter 11 Debtor and Debtor

8                                      in Possession

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>DECLARATION OF PEDRAM MINOOFAR</u>

I, Pedram Minoofar, hereby declare as follows:

1.      I have personal knowledge of the facts set forth below, and, if called to testify, would and could competently testify thereto except to those facts which are based on information and belief, and to those facts, I believe them to be true.

2.      I am a partner of the law firm of Yadegar, Minoofar & Soleymani LLP ("<u>YMS</u>"), special litigation counsel to Oak River Asset Management, LLC ("Oak River").

3.      I make this Declaration in support of YMS's Second Interim Application for Approval of Fees and Reimbursement of Expenses (the "<u>Application</u>") to which this Declaration is attached.

4.      This Application pertains to services rendered and expenses incurred by YMS during the period of <u>Start:</u> September 1, 2018 through <u>End:</u> July 31, 2020 (the "<u>Covered Period</u>").  I am an attorney licensed to practice law in the State of California, and in the United States District Court and the Bankruptcy Court for the Central District of California, among other courts.  I have reviewed the Application by YMS.

5.      To the best of my knowledge, information and belief, all of the matters stated in the Application are true and correct, and the Application complies with all applicable statutes, rules, regulations and procedures, including Local Bankruptcy Rule 2016-1.

6.      The amounts requested in the Application for compensation of fees and reimbursement of expenses incurred are based on YMS's business records, which are kept and maintained by YMS in the ordinary course of YMS's business.

7.      The Debtor retained YMS to serve as its special litigation counsel with such employment to be effective as of October 19, 2016.  The Court approved the Debtor's retention of YMS by Court order entered on December 1, 2016 [Docket No. 84] (the "Employment

Order"), making the Debtor's employment of YMS effective as of the October 19, 2016. The Debtor and YMS agreed that YMS would bill its time in accordance with YMS's standard hourly billings rates and expenses. YMS's employment application was made and approved by the Court pursuant to Section 327 of the Bankruptcy Code, with YMS's fees and expenses to be subject to review and approval by the Court pursuant to Section 330 of the Bankruptcy Code.

8.    On or about October 24, 2018, this Court approved YMS's First Interim Application for Fee as follows:   Fees: $$478,487.18; Costs:   $10,557.84 for a total of: $489,045.02; other than the forgoing, YMS has not been paid any post-petition money by the Debtor; and YMS was not paid a retainer by the Debtor.

9.    Attached hereto as **Exhibit "1"** is a listing of all time entries for services performed, a summary of services performed, and specific descriptions of services performed, for the Covered Period. YMS records all time to reflect a summary of the actual activities undertaken by the firm's professionals and paraprofessionals.

10.    **Exhibit "1"** also includes a detailed listing of all expenses incurred by YMS during the Covered Period (recognizing that there are at times delays between the date that expenses are incurred by YMS and when they are entered into YMS's billing system so that additional expenses incurred during the Covered Period may not be contained in **Exhibit "1"** and will appear in the next fee application filed by YMS). For photocopying charges, YMS generally handles regular and routine photocopying in-house for which YMS charges clients $0.15 per page. While YMS believes that this is less than YMS's actual expenses incurred with regard to the photocopying machines, supplies and labor associated with providing photocopying services; this charge is substantially less than the photocopying charge recommended by the UST in the Central District of California. YMS's photocopy machines automatically record the number of copies made when the person that is photocopying enters the client's account number

into a device attached to the photocopy machine.  Whenever feasible, YMS sends large copying projects to outside copy services that charge bulk rates for photocopying.  In such instances, YMS charges clients the same amount that YMS pays the outside service.  Additionally, although typically charged by law firms and allowed by UST in the Central District of California, YMS does not charge clients for sending or receiving telecopies, and travel mileage.

11.    Attached hereto as **Exhibit "2"** is a summary of attorneys' fees and costs incurred by YMS.

12.    All expenses that YMS advanced on behalf of the Debtor were necessarily incurred and are properly charged as administrative expenses of the Debtor's chapter 11 estate.

13.    When YMS uses Lexis and Westlaw, the user inputs the client account number or case name for the research to be performed.  Each month, YMS receives a Lexis and Westlaw invoice which reflects both an aggregate total of charges incurred by YMS for the month, as well as a break out of the specific charges incurred on behalf of each client (identified by name or client account number).  The amount(s) reflected on the monthly invoice is then entered by YMS staff to the appropriate client account number as identified on the invoice.  There is no profit or other additional charge added to the amount reflected in the Lexis and Westlaw invoice.

14.    YMS is currently comprised of 5 lawyers: 3 partners, 1 senior counsel, and 1 associate.  The undersigned is the partner who manages the construction and real estate litigation for YMS.  I have over 20 years' experience as a litigator specializing in construction and real estate disputes.  My legal career as a practitioner in construction and real estate disputes started in 1998 (shortly *before* being admitted to the State Bar of California) wherein I worked as a law clerk for the law firm of Hunt Ortmann Palffy Nieves Darling & Mah, Inc. ("Hunt Ortmann").  Immediately upon passing the bar, I was hired as a junior attorney at Hunt Ortmann and remained there for 11 consecutive years (until approximately August, 2009).  In or around 2005,

approximately 4 years prior to leaving to form my own firm (YMS and its predecessor, Yadeger & Minoofar LLP), I became a partner at Hunt Ortmann.

15.    During my career I have handled construction cases involving every facet of construction from representing owners in public and private sectors (like the City of Los Angeles and a number of its proprietary entities (like the Los Angeles World Airports and Port of Los Angeles) to Saint John's Hospital) to general contractors, subcontractors and material suppliers in both public and private sectors.  As I gained more experience in my industry, I became a presenter and speaker in construction related forums.  I have been a speaker or presenter on construction related topics some half a dozen times or so.

16.    Attached hereto as **Exhibit "3"** is a copy of the resume for YMS, a brief narrative of construction and real estate litigation experience for YMS, and the resume for the undersigned.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of September 30, at Los Angeles, California.

PEDRAM MINOOFAR

# EXHIBIT "1"

# YADEGAR MINOOFAR & SOLEYMANI LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 7175 |
| **Invoice Date:** | 10/17/2018 |
| **Due Date:** | 10/17/2018 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 9/6/2018 | E-mail to client re site inspection by Pioneer. | P. Minoofar | 575.00 | 0.30 | 172.50 |
| 9/7/2018 | Review and respond to multiple e-mails re settlement agreement. Draft notice of de-designation of experts. Draft amended notice of expert designation. Finalize meet and confer letter re expert issues. | P. Minoofar | 575.00 | 3.50 | 2,012.50 |
| 9/9/2018 | Draft Deposition Notices for M Alba, P Kushner, and D Albus and related requests for production. | D. Ramos | 395.00 | 2.80 | 1,106.00 |
| 9/10/2018 | E-mail exchange with Charles J re site inspection. Review and revise depo notices for 3 experts. Review and revise objections to depo notices for Bryan F and Harold B. Confer with DAR re depo notices and objections. Tel con with David G re settlement issues and assignment of rights. | P. Minoofar | 575.00 | 4.80 | 2,760.00 |
| 9/10/2018 | Draft objections to deposition notices for Bryan Forbes and Harold Bissner; draft email to P Minoofar request that client forward assignment of construction contract for Liberty Asset Management LLC. | D. Ramos | 395.00 | 1.40 | 553.00 |
| 9/11/2018 | Confer with DAR re site inspection and discovery issues. Tel con with David G re settlement issues. Tel con with Robert B re amendment of settlement agreement. | P. Minoofar | 575.00 | 1.50 | 862.50 |
| 9/11/2018 | Draft sign in sheet for site inspection. | D. Ramos | 395.00 | 0.10 | 39.50 |
| 9/12/2018 | Review letter from Charles J re disputes surrounding designation of experts. Commence drafting application for interim fee payment. | P. Minoofar | 575.00 | 1.80 | 1,035.00 |
| 9/12/2018 | Travel to 119 Furlong Lane, meet with L Weissman; conduct site inspection with H Eftekhari, C Jenkins and M Villalba; return to office; confer with B Forbes re scope of work and potential conflict issues; Call to P Minoofar to advise him re progress of site inspection and issues raised; Call to P Minoofar to advise him re B Forbes' potential conflict. | D. Ramos | 395.00 | 4.60 | 1,817.00 |
| 9/13/2018 | E-mail with mediation's office re new mediation dates. Review and respond to Erin G re settlement issues. Review file. | P. Minoofar | 575.00 | 0.60 | 345.00 |
| 9/13/2018 | Legal Research (Rutter, Witkin and Cal Jur) re de-designation of experts, duty of party regarding depositions of formerly retained consulting expert, waiver of privilege for expert with percipient knowledge after de-designation as a retained expert to testify at trial, but designation as a percipient witness with opinion testimony expected; draft summary of law. | D. Ramos | 395.00 | 3.80 | 1,501.00 |
| 9/14/2018 | Draft meet and confer letter #3 re Cross-Claimants' Amended Expert Designations and Cross-defendants' Amended Expert Designation; | D. Ramos | 395.00 | 4.10 | 1,619.50 |

Total This Invoice

Payments/Credits

**Total Outstanding**

# YADEGAR
# MINOOFAR &
# SOLEYMANI LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 7175 |
| **Invoice Date:** | 10/17/2018 |
| **Due Date:** | 10/17/2018 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 9/17/2018 | Multiple e-mails re tel con with Erin G.  Review objections to depo notices of experts  by Oak River. | P. Minoofar | 575.00 | 0.60 | 345.00 |
| 9/18/2018 | Tel con with David G and Erin G re settlement issues.  Review trial requirements for Dept. 47. | P. Minoofar | 575.00 | 0.90 | 517.50 |
| 9/20/2018 | Tel con with Charles J re trial continuance.  E-mail exchange with Robert B re notice of settlement. | P. Minoofar | 575.00 | 0.40 | 230.00 |
| 9/21/2018 | Appearance in LA Superior Court re FSC. Follow-up meet and confer discussions with Charles J re trial and discovery issues. | P. Minoofar | 575.00 | 3.90 | 2,242.50 |
| 9/26/2018 | Review and revise letter to Charles J re expert disputes. Commence drafting motion for fees and costs. | P. Minoofar | 575.00 | 2.10 | 1,207.50 |
| 9/27/2018 | Continue reviewing file and drafting motion to fees. | P. Minoofar | 575.00 | 1.80 | 1,035.00 |
| 10/1/2018 | Legal research | Costs | 1.00 | 595.00 | 595.00 |
| 10/2/2018 | Postage | Costs | 1.00 | 3.73 | 3.73 |
| 10/3/2018 | Copies | Costs | 0.15 | 478.00 | 71.70 |

| | |
|---|---|
| Total This Invoice | $20,071.43 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |



**YADEGAR
MINOOFAR &
SOLEYMANI** LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 7199 |
| **Invoice Date:** | 11/19/2018 |
| **Due Date:** | 11/19/2018 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 10/1/2018 | Continue preparing motion for attorneys fees and costs. | P. Minoofar | 575.00 | 4.80 | 2,760.00 |
| 10/2/2018 | Review letter from Charles J re expert disputes. | P. Minoofar | 575.00 | 0.20 | 115.00 |
| 10/3/2018 | Review documents provided by L Weissman since June 2018; Review Tri Con Documents for production. | D. Ramos | 395.00 | 3.20 | 1,264.00 |
| 10/3/2018 | Confer with P Minoofar to discuss C Jenkins' 100218 letter and response, and status of Stipulation to Continue Trial. | D. Ramos | 395.00 | 0.20 | 79.00 |
| 10/3/2018 | Review file re expert reports. | P. Minoofar | 575.00 | 0.30 | 172.50 |
| 10/8/2018 | Draft amendment to settlement agreement.  Draft stipulation to continue trial.  Tel con with mediator Stone's assistant re availability.  E-mail to opposing counsel re stipulation to continue trial and mediation. | P. Minoofar | 575.00 | 1.70 | 977.50 |
| 10/12/2018 | Review and respond to e-mail from Erin G re settlement agreement. | P. Minoofar | 575.00 | 0.20 | 115.00 |
| 10/15/2018 | Review e-mail from Erin G re revisions to amendment to settlement agreement.  E-mail to Robert B. | P. Minoofar | 575.00 | 0.20 | 115.00 |
| 10/19/2018 | Review and analyze revisions to amendment to settlement agreement from Erin G. | P. Minoofar | 575.00 | 0.70 | 402.50 |
| 10/22/2018 | Tel con with Erin G re revision to settlement agreement.  Revise settlement agreement per discussions with Erin G.  Review further comments by Erin G. Tel con with Robert B re revisions to the settlement agreement. | P. Minoofar | 575.00 | 1.50 | 862.50 |
| 10/23/2018 | Tel con with Robert B re revisions to amendment.  E-mail to clients re execution of amendment.  Finalize amendment. | P. Minoofar | 575.00 | 0.90 | 517.50 |
| 10/24/2018 | Follow-up e-mail to clients re execution of amendment.  Review plaintiffs' signatures to amendment. | P. Minoofar | 575.00 | 0.30 | 172.50 |
| 10/29/2018 | E-mail exchange with Robert B re execution of amendment. E-mail to client re the same.  E-mail to Charles J re stip to continue trial. | P. Minoofar | 575.00 | 0.40 | 230.00 |
| 10/31/2018 | Review letters re execution of depo transcripts by Gilbertson and Mettle. | P. Minoofar | 575.00 | 0.20 | 115.00 |
| 10/29/2018 | Consulting Fee (coverage counsel) | Costs | 5,460.00 | 1.00 | 5,460.00 |
| 10/29/2018 | Atkinson-Baker: A certified coy of the reporter's transcript of the deposition of David Gilbertson, taken on 8/29/2018. | Costs | 1,151.10 | 1.00 | 1,151.10 |

| | |
|---|---|
| Total This Invoice | $14,509.10 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |



**YADEGAR
MINOOFAR &
SOLEYMANI** LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

### Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 7298 |
| **Invoice Date:** | 1/18/2019 |
| **Due Date:** | 2/4/2019 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 11/1/2018 | Tel con with David G re release of funds to plaintiffs.  E-mail exchange with Robert B re and David G re the same. | P. Minoofar | 575.00 | 0.20 | 115.00 |
| 11/5/2018 | Follow-up e-mail to clients re mediation and trial schedule. | P. Minoofar | 575.00 | 0.10 | 57.50 |
| 11/7/2018 | Draft Declaration of P Minoofar in Support of Motion for Leave to Amend Expert Designation, identify exhibits in support, research re Barbara L Hall, PE. | D. Ramos | 395.00 | 2.70 | 1,066.50 |
| 11/8/2018 | Tel con with Erin G and Nicolas T re overall case and mediation strategy.  Meeting with David G re mediation and trial strategy. | P. Minoofar | 575.00 | 1.60 | 920.00 |
| 11/9/2018 | E-mails to mediators re availability in Dec 2018/Jan 2019. | P. Minoofar | 575.00 | 0.20 | 115.00 |
| 11/19/2018 | Review and finalize e-mail to Erin G, Nicholas T and Brad S re defect list, cost or repair, mediation and trial.  Review file. | P. Minoofar | 575.00 | 0.80 | 460.00 |
| 11/21/2018 | E-mail exchange with Nicolas T re mediation and trial dates. | P. Minoofar | 575.00 | 0.10 | 57.50 |
| 12/3/2018 | Copies | Costs | 0.15 | 140.00 | 21.00 |

| | |
|---|---|
| Total This Invoice | $2,812.50 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |

# YADEGAR MINOOFAR & SOLEYMANI LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 7299 |
| **Invoice Date:** | 1/18/2019 |
| **Due Date:** | 1/18/2019 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 12/17/2018 | E-mail to Erin G re mediation and trial dates. | P. Minoofar | 575.00 | 0.20 | 115.00 |
| 12/28/2018 | Review requests for dismissal from ProLien. E-mail to Robert B re defect on requests for dismissal. E-mail to Uzzi Re requests for dismissal. | P. Minoofar | 575.00 | 0.60 | 345.00 |
| 1/2/2019 | Postage | Costs | 1.00 | 0.47 | 0.47 |
| 1/3/2019 | Copies | Costs | 0.15 | 32.00 | 4.80 |

| | |
|---|---|
| Total This Invoice | $465.27 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |

# YADEGAR MINOOFAR & SOLEYMANI LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 7517 |
| **Invoice Date:** | 3/18/2019 |
| **Due Date:** | 3/18/2019 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 1/3/2019 | Review and respond to Uzzi R re effect of request for dmissal on defaulted parties.  Research re the same.  E-mail exchange with Robert B re dismissals by ProLien and Pioneer. | P. Minoofar | 575.00 | 1.00 | 575.00 |
| 1/4/2019 | Review notice of OSC hearing. | P. Minoofar | 575.00 | 0.20 | 115.00 |
| 1/14/2019 | Review and revise stipulation to continue trial. | P. Minoofar | 575.00 | 0.50 | 287.50 |
| 2/1/2019 | Legal research | Costs | 1.00 | 192.00 | 192.00 |
| 2/1/2019 | Court Efiling fee re Request for dismissal | Costs | 9.71 | 1.00 | 9.71 |
| 2/3/2019 | Postage | Costs | 1.00 | 0.94 | 0.94 |

| | |
|---|---|
| Total This Invoice | $1,180.15 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |

# YADEGAR MINOOFAR & SOLEYMANI LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 7545 |
| **Invoice Date:** | 3/29/2019 |
| **Due Date:** | 3/29/2019 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 2/5/2019 | Tel appearance in LA Superior Court re OSC re dismissal. Follow-up e-mail to clients re the same. | P. Minoofar | 575.00 | 1.50 | 862.50 |
| 2/13/2019 | Follow-up e-mails to mediators re availability.  E-mail to David G re whether BK stay applies to affirmative claims of clients. | P. Minoofar | 575.00 | 0.40 | 230.00 |
| 2/15/2019 | Commence drafting e-mail to clients re jury trial, mediation, and other strategy issues. | P. Minoofar | 575.00 | 1.00 | 575.00 |
| 2/17/2019 | Review and finalize e-mail to clients re jury trial, mediation, and other strategy issues. | P. Minoofar | 575.00 | 0.30 | 172.50 |
| 2/19/2019 | Review and respond to multiple e-mails re mediation. | P. Minoofar | 575.00 | 0.30 | 172.50 |
| 2/25/2019 | Review e-mails from mediator's office re mediation.  Tel con with Erin Z re invoice issued. | P. Minoofar | 575.00 | 0.30 | 172.50 |
| 2/26/2019 | E-mail to client re mediation. | P. Minoofar | 575.00 | 0.20 | 115.00 |
| 3/4/2019 | Court filing fees: notice of OSC re dismissal | Costs | 9.65 | 1.00 | 9.65 |
| 3/4/2019 | Court filing fees: proof of service re notice of OSC re dismissal | Costs | 9.65 | 1.00 | 9.65 |
| 3/4/2019 | CourtCall | Costs | 124.00 | 1.00 | 124.00 |

| | |
|---|---|
| Total This Invoice | $2,443.30 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |

# YADEGAR MINOOFAR & SOLEYMANI LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 7624 |
| **Invoice Date:** | 5/16/2019 |
| **Due Date:** | 5/16/2019 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 3/1/2019 | Tel appearance in LA Superior Court re Trial Setting Conference. Multiple e-mails re mediation. | P. Minoofar | 575.00 | 0.50 | 287.50 |
| 4/5/2019 | CourtCall | Costs | 124.00 | 1.00 | 124.00 |
| 4/22/2019 | Parking | Costs | 35.00 | 1.00 | 35.00 |

| | |
|---|---|
| Total This Invoice | $446.50 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |

# YADEGAR MINOOFAR & SOLEYMANI LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 7643 |
| **Invoice Date:** | 5/16/2019 |
| **Due Date:** | 5/16/2019 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 4/9/2019 | Review documents in preparation for mediation. Draft 8 e-mails to Bryan Forbes re key documents for mediation. | P. Minoofar | 575.00 | 2.10 | 1,207.50 |
| 4/11/2019 | Tel con with Bryan F re preparation for mediation and additional information needed. E-mail to Bryan F re the same. Review file. | P. Minoofar | 575.00 | 2.50 | 1,437.50 |
| 4/16/2019 | Commence drafting mediation brief. Review file. | P. Minoofar | 575.00 | 1.60 | 920.00 |
| 4/17/2019 | Continue drafting mediation brief. Review file. | P. Minoofar | 575.00 | 4.70 | 2,702.50 |
| 4/18/2019 | Complete drafting mediation brief. Review file. E-mail to client re mediation. | P. Minoofar | 575.00 | 2.80 | 1,610.00 |
| 4/18/2019 | Review correspondence regarding expert depositions to determine whether cross-defendants ever renoticed Forbes' deposition, and whether the issue of the 4 or 5 year statutes ever arose. | D. Ramos | 395.00 | 2.10 | 829.50 |
| 4/22/2019 | Tel con with Bryan F re mediation presentation. Follow-up e-mail to Bryan F. Review files. Multiple tel con with Bryan F re mediation presentation. Attend mediation at Signature offices in Los Angeles. | P. Minoofar | 575.00 | 6.10 | 3,507.50 |
| 4/22/2019 | Legal Research regarding motions to specially set a matter for trial after the 4 year statute has run, and showing required. | D. Ramos | 395.00 | 3.60 | 1,422.00 |
| 4/28/2019 | Legal Research regarding diligence, versus dilatory conduct, and excuse for failure to bring a matter to trial until the eve of the 5 year statute. | D. Ramos | 395.00 | 2.00 | 790.00 |
| 4/30/2019 | Review pleading and discovery files to try to ascertain reasons for not bringing the matter to trial. | D. Ramos | 395.00 | 2.70 | 1,066.50 |
| 5/1/2019 | Legal research | Costs | 1.00 | 114.00 | 114.00 |
| 5/3/2019 | Copies | Costs | 0.15 | 309.00 | 46.35 |

| | |
|---|---|
| Total This Invoice | $15,653.35 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |

# YADEGAR MINOOFAR & SOLEYMANI LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 7685 |
| **Invoice Date:** | 6/25/2019 |
| **Due Date:** | 6/25/2019 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 5/9/2019 | Discussion with Pedram Minoofar re research needed on application of 5-year mandatory dismissal statute to cross-complaints; Research re application of 5-year mandatory dismissal statute to cross-complaints | M. Yaro | 395.00 | 0.60 | 237.00 |
| 5/22/2019 | Review file re date of filing cross-complaint. | P. Minoofar | 575.00 | 0.30 | 172.50 |
| 6/1/2019 | Legal research | Costs | 1.00 | 230.00 | 230.00 |
| 6/3/2019 | copies | Costs | 0.15 | 28.00 | 4.20 |
| 6/3/2019 | FedEx | Costs | 19.08 | 1.00 | 19.08 |

| | |
|---|---|
| Total This Invoice | $662.78 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |

# YADEGAR MINOOFAR & SOLEYMANI LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 7738 |
| **Invoice Date:** | 8/2/2019 |
| **Due Date:** | 8/2/2019 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 6/13/2019 | Research re fictitious name filings by clients. Commence drafting meet and confer letter to Charles Jenkins. | P. Minoofar | 575.00 | 1.20 | 690.00 |
| 6/16/2019 | Continue researching re fictitious name filings by clients. | P. Minoofar | 575.00 | 0.70 | 402.50 |
| 6/18/2019 | Continue researching re fictitious business filings by clients. | P. Minoofar | 575.00 | 1.30 | 747.50 |
| 7/1/2019 | Legal research | Costs | 1.00 | 101.00 | 101.00 |

| | |
|---|---|
| Total This Invoice | $1,941.00 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |

# YADEGAR MINOOFAR & SOLEYMANI LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 7781 |
| **Invoice Date:** | 8/20/2019 |
| **Due Date:** | 8/20/2019 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 8/1/2019 | Postage | Costs | 1.00 | 1.00 | 1.00 |

| | |
|---|---|
| Total This Invoice | $1.00 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |

# YADEGAR MINOOFAR & SOLEYMANI LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 7829 |
| **Invoice Date:** | 9/24/2019 |
| **Due Date:** | 9/24/2019 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 8/19/2019 | Review dba filing retrieved from County of Los Angeles re Liberty CMC. | P. Minoofar | 575.00 | 0.20 | 115.00 |
| 9/5/2019 | Attorney-Messenger Services: Court recorder research re Liberty DBA | Costs | 108.00 | 1.00 | 108.00 |

| | |
|---|---|
| Total This Invoice | $223.00 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |

# YADEGAR MINOOFAR & SOLEYMANI LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 7275b |
| **Invoice Date:** | 10/29/2019 |
| **Due Date:** | 10/29/2019 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 9/13/2019 | Letter to Dvaid G re refund of mediation fees. | P. Minoofar | 575.00 | 0.30 | 172.50 |
| 9/20/2019 | Review and respond to e-mail from DBG re status of case. | P. Minoofar | 575.00 | 0.30 | 172.50 |

| | |
|---|---|
| Total This Invoice | $345.00 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |

# YADEGAR MINOOFAR & SOLEYMANI LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 7322b |
| **Invoice Date:** | 11/20/2019 |
| **Due Date:** | 11/20/2019 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 10/21/2019 | Review discovery records re key docs for trial. | P. Minoofar | 575.00 | 2.40 | 1,380.00 |
| 10/22/2019 | Continue reviewing discovery records re key docs for trial. | P. Minoofar | 575.00 | 1.90 | 1,092.50 |
| 10/25/2019 | Continue reviewing documents. | P. Minoofar | 575.00 | 1.90 | 1,092.50 |

| | |
|---|---|
| Total This Invoice | $3,565.00 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |

# YADEGAR MINOOFAR & SOLEYMANI LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 8029 |
| **Invoice Date:** | 12/19/2019 |
| **Due Date:** | 12/19/2019 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 11/14/2019 | Draft e-mail to client re outline of potential litigation risks. | P. Minoofar | 575.00 | 0.90 | 517.50 |

| | |
|---|---|
| Total This Invoice | $517.50 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |

# YADEGAR MINOOFAR & SOLEYMANI LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 8174 |
| **Invoice Date:** | 2/20/2020 |
| **Due Date:** | 2/20/2020 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 1/22/2020 | Preliminary review motion to dismiss by Pioneer. Draft meet and conffer letter to Charles J re expert discovery. | P. Minoofar | 575.00 | 1.80 | 1,035.00 |
| 1/23/2020 | E-mail to Charles J re exhibits to motion to dismiss. Finalize meet and confer letter. | P. Minoofar | 575.00 | 0.50 | 287.50 |
| 1/30/2020 | Tel con with Charles J re settlement. | P. Minoofar | 575.00 | 0.20 | 115.00 |
| 1/31/2020 | Review meet and confer letter from Charles J re experts. | P. Minoofar | 575.00 | 0.20 | 115.00 |
| 2/1/2020 | Copies | Costs | 0.15 | 79.00 | 11.85 |
| 2/1/2020 | Postage | Costs | 1.00 | 0.50 | 0.50 |

| | |
|---|---|
| Total This Invoice | $1,564.85 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |

# YADEGAR MINOOFAR & SOLEYMANI LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 8202 |
| **Invoice Date:** | 4/10/2020 |
| **Due Date:** | 4/10/2020 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 2/3/2020 | Review file and prepare letter to client re facts of case, and trial preparation. | P. Minoofar | 575.00 | 1.30 | 747.50 |
| 2/4/2020 | Review and respond to email from Charles J re settlement. | P. Minoofar | 575.00 | 0.20 | 115.00 |
| 2/4/2020 | Continue reviewing file and preparing letter to client re facts of case, and trial preparation. | P. Minoofar | 575.00 | 2.30 | 1,322.50 |
| 2/7/2020 | Tel con with Charles J re settlement offer from defendants. Tel con with David G re the same. | P. Minoofar | 575.00 | 0.40 | 230.00 |
| 2/14/2020 | E-mail exchange with Charles J re settlement. Finalize letter to client re trial preparation and settlement recommendation. Commence drafting settlement agreement. Tel con with David G re the same. Review file. | P. Minoofar | 575.00 | 2.50 | 1,437.50 |
| 2/17/2020 | Review and revise settlement agreement. | P. Minoofar | 575.00 | 0.60 | 345.00 |
| 2/19/2020 | E-mail exchange with Erin G re settlement. | P. Minoofar | 575.00 | 0.10 | 57.50 |
| 2/24/2020 | E-mail exchanges with Erin G re draft settlement agreement. Review and revise settlement agreement per Erin G's comments. Review file re Pioneer's general liability carrier. | P. Minoofar | 575.00 | 0.70 | 402.50 |
| 2/27/2020 | Review revisions to settlement agreement from Charles J. E-mail to coverage counsel re the same. | P. Minoofar | 575.00 | 0.40 | 230.00 |
| 2/28/2020 | E-mail exchange with coverage counsel re settlement agreement. Follow-up call with coverage counsel re carrier's refusal to sign agreement. Revise settlement agreement per discussions with coverage counsel. E-mail to client re the same. | P. Minoofar | 575.00 | 0.80 | 460.00 |
| 3/1/2020 | Copies | Costs | 0.15 | 33.00 | 4.95 |
| 3/1/2020 | Postage | Costs | 1.00 | 1.30 | 1.30 |

| | |
|---|---|
| Total This Invoice | $5,353.75 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |

# YADEGAR MINOOFAR & SOLEYMANI LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 8223 |
| **Invoice Date:** | 4/27/2020 |
| **Due Date:** | 4/27/2020 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 3/2/2020 | E-mail exchange with Charles J re settlement agreement. E-mail to client re the same. | P. Minoofar | 575.00 | 0.50 | 287.50 |
| 3/4/2020 | Prepare redlined and clean settlement agreement. E-mail to Charles J re final comments to settlement agreement. | P. Minoofar | 575.00 | 0.40 | 230.00 |
| 3/6/2020 | Revise and finalize settlement agreement. E-mail to Charles J re the same. E-mail to client re the same. | P. Minoofar | 575.00 | 0.40 | 230.00 |
| 3/30/2020 | Review and respond to e-mail from counsel and court re settlement. | P. Minoofar | 575.00 | 0.20 | 115.00 |

| | |
|---|---|
| Total This Invoice | $862.50 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |

# YADEGAR MINOOFAR & SOLEYMANI LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 8267 |
| **Invoice Date:** | 6/23/2020 |
| **Due Date:** | 6/23/2020 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 5/20/2020 | Review order approving settlement agreement. E-mail to Charles J re release of settlement funds. | P. Minoofar | 575.00 | 0.40 | 230.00 |

| | |
|---|---|
| Total This Invoice | $230.00 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |

# YADEGAR MINOOFAR & SOLEYMANI LLP

1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Direct: (310) 499-0140 • Fax: (888) 667-9576
Admin@YMSLLP.com
www.YMSLLP.com

**Bill To:**
Oak River Asset Management
c/o Lawrence Perkins, CRO
400 S. Hope St. Suite 1050
Los Angeles, CA 90004

## Invoice for Legal Services

| | |
|---|---|
| **Invoice No.:** | 8338 |
| **Invoice Date:** | 8/3/2020 |
| **Due Date:** | 8/3/2020 |
| **Matter:** | adv. ProLien Services |

| Service Date | Description | Professional | Rate | Quantity | Total |
|---|---|---|---|---|---|
| 6/12/2020 | Draft request for dismissal of cross-complaint. | P. Minoofar | 575.00 | 0.20 | 115.00 |

| | |
|---|---|
| Total This Invoice | $115.00 |
| Payments/Credits | $0.00 |
| **Total Outstanding** | **$72,962.98** |



# Invoice

| | |
|---|---|
| Date: | September 8, 2018 |
| Invoice #: | 672 |
| Job No.: | CS-18006 |
| Period: | August-2018 |

To: 119 Furlong Lane, City of Bradbury, CA
℅ Pedram Minoofar
Yadegar, Minoofar & Soleymani LLP
1875 Century Park East, Suite 1240
Los Angeles, CA  90067

| Job | Payment Terms | Due Date |
|---|---|---|
| *119 Furlong Lane, City of Bradbury* | Net 30 | October 8, 2018 |

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| | **Bryan Forbes** | | | |
| 08/07/18 | Review Project Documents | 4.00 | | |
| 08/09/18 | On-Site Investigation | 1.50 | | |
| 08/09/18 | Review Project Documents | 1.20 | | |
| 08/10/18 | Review Project Documents | 3.50 | | |
| | **Total Bryan Forbes** | **10.20** | **245.00** | **$      2,499.00** |

| | | |
|---|---|---|
| Subtotal | $ | 2,499.00 |
| Expenses | | |
| Total | $ | 2,499.00 |

Customer deposits will be deducted from the final invoice.

Make all checks payable to Primus Consultants Inc.
Thank you for your business!

1440 N. Harbor Blvd., Ste. 928, Fullerton, CA  92835  (714) 449-3334  accounting@primusconsultants.com

Page 1 of 1

# EXHIBIT "2"

| Inv. Date | Fees | Costs | Total |
|-----------|------|-------|-------|
| Sep-20 | $19,401.00 | $670.43 | $20,071.43 |
| Oct-20 | $7,898.00 | $6,611.10 | $14,509.10 |
| Nov-20 | $2,791.50 | $21.00 | $2,812.50 |
| Dec-20 | $460.00 | $5.27 | $465.27 |
| Jan-19 | $977.50 | $202.65 | $1,180.15 |
| Feb-19 | $2,300.00 | $143.30 | $2,443.30 |
| Mar-19 | $287.50 | $159.00 | $446.50 |
| Apr-19 | $15,494.00 | $159.35 | $15,653.35 |
| May-19 | $409.50 | $253.28 | $662.78 |
| Jun-19 | $1,840.00 | $101.00 | $1,941.00 |
| Jul-19 | $0.00 | $1.00 | $1.00 |
| Aug-19 | $115.00 | $108.00 | $223.00 |
| Sep-19 | $345.00 | $0.00 | $345.00 |
| Oct-19 | $3,565.00 | $0.00 | $3,565.00 |
| Nov-19 | $517.50 | $0.00 | $517.50 |
| Jan-20 | $1,552.50 | $12.35 | 1564.85 |
| Feb-20 | $5,347.50 | $6.25 | 5353.75 |
| Mar-20 | $862.50 | $0.00 | $862.50 |
| May-20 | $230.00 | $0.00 | $230.00 |
| Jun-20 | $115.00 | $0.00 | $115.00 |
| Primus | | $2,499.00 | |
| | $64,509.00 | $10,952.98 | $75,461.98 |

**EXHIBIT "3"**

# Our Firm

Our law firm is based in Los Angeles. We represent clients in all forms of civil litigation. But, each of attorneys focuses on his or her own specialized field. Our specialists focus on labor and employment litigation, business litigation, real estate and construction litigation, and intellectual property and entertainment litigation. We have successfully litigated and tried cases in every forum, including federal and state courts and arbitration. We also handle all forms of real estate transactional matters, including the purchase, sale and lease of real estate.



We are former "big firm" lawyers, with an established record of accomplishment and success. Our attorneys have been recognized by such honors as being named "Super Lawyers;" ranked AV (highest rating) by the prestigious Martindale Hubbell; and being selected as American Lawyer Magazine's "2013 Go-To Law Firm for the Top 500 Companies."

Our attorneys practiced law at prominent large law firms in Los Angeles, including Proskauer Rose LLP, and Sidley Austin LLP where we litigated "bet-the-company" cases on behalf of clients ranging from Fortune 500 companies and public entities to entrepreneurs and individuals. Our transactional lawyers regularly handle multi-million dollar real estate deals not just in Los Angeles, but all over California. We are graduates of top Los Angeles law schools – UCLA, USC, and Loyola – and we are leaders in our community.

Now, we build on the knowledge and experience that we gained at the big firms to deliver first-rate representation and results, with unrivaled personal attention. As a small firm, we lack the costly overhead structure that has caused hourly rates at larger firms to balloon in recent years. We strive to keep our costs low so that we can pass those cost savings to our clients. And, we offer alternative billing arrangements, such as contingency fee arrangements, especially in employment disputes.

Our commitment to excellent client service begins with the fundamentals: technical expertise, constant communication with our clients, and an emphasis on finding creative solutions to our clients' problems.

# Real Estate And Construction Law

While the real estate and construction industries were built on the maxim of "freedom of contracting," over the years, both industries have



become the subject of significant regulation. We assist clients in navigating the regulations applicable in all aspects of commercial real estate and construction transactions from purchase and sale agreements, mezzanine loans, bridge loans, permanent financing, contracting with design professionals, contracting with general contractors, subcontractors, and material suppliers, and project close-out issues.

When disputes arise in real estate or construction transactions, we have substantial experience litigating those issues, from breach of contract disputes to design professional's liens, mechanic's liens, stop notice claims (both public and private projects) and surety bond claims.

**Real Estate and Construction Transactions**

We assist our clients in all aspects of commercial real estate transactions from preparing and negotiating purchase and sale agreements, to negotiating mezzanine loans, bridge loans and permanent financing to ensure a successful acquisition or refinancing of the real property by our client.

After acquisition, we assist our clients in negotiating contracts with design professionals, and contractors (general contractors, subcontractors and material suppliers) who will be in charge of the development of the property. Based on changes in California law, we are prepared to provide advice to clients regarding indemnity, insurance, payment, and mechanic's lien issues.

Once development starts, we are prepared to assist our clients with issues relating to risk management, contract administration, pricing and scheduling of changes. Finally, once the development is completed, we assist our clients with typical project close-out issues.

**Construction Litigation**

We have extensive expertise in litigating disputes on behalf of owners, developers, general contractors, subcontractors, material suppliers, and sureties in public and private construction projects.

We assist our clients in litigating contract, quantum meruit, design professional's lien, mechanic's lien, stop notice, and surety bond claims. We have litigated these types of disputes in every forum (state courts, federal courts, private arbitration, and judicial reference) and understand the complexity and costs involved in these types of dispute. With each case, we devise and implement an efficient manner to exchange information among parties to maximize the outcome for our client.

We also litigate construction defect claims and are well-versed in the laws which apply to such claims.

Our professionals have represented contractors in every type of public and private projects, including power generation facilities, high-rise office buildings, hotels, hospitals, single-family residential developments, condominiums, apartment buildings, parking structures, gas stations and shopping centers, small local parks, wastewater treatment facilities, schools, universities, hospitals, and other commercial and other multi-million dollar capital improvements.

**Real Estate Litigation**

Our experience encompasses virtually every type of real estate dispute involving lenders, commercial landlords and tenants, buyers and sellers of real estate. We assist clients in negotiations with lenders, including discounted payoffs (DPOs), and loan modifications.

We also have expertise in seeking provisional remedies, and we frequently represent clients in foreclosures and receiverships and unlawful detainers.

**Insurance Bad Faith**

We advise and represent clients in insurance coverage disputes in a wide range of areas, including products liability, property damage and loss, construction defect, and errors and omissions.

1    **PROOF OF SERVICE OF DOCUMENT**

2
I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business
3    address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

4    A true and correct copy of the foregoing document entitled **SECOND AND FINAL APPLICATION OF
SPECIAL LITIGATION COUNSEL, YADEGAR, MINOOFAR & SOLEYMANI LLP FOR APPROVAL OF
FEES AND REIMBURSEMENT OF EXPENSES; DECLARATION OF PEDRAM MINOOFAR IN
5    SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner
required by LBR 5005-2(d); and **(b)** in the manner stated below:

6
7    **1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to
controlling General Orders and LBR, the foregoing document will be served by the court via NEF and
hyperlink to the document. On **September 30, 2020**, I checked the CM/ECF docket for this bankruptcy
8    case or adversary proceeding and determined that the following persons are on the Electronic Mail
Notice List to receive NEF transmission at the email addresses stated below:

9
- **Robert T Bryson    rbryson@elllaw.com, lmarquez@robinscloud.com**
10   - **Robert Thomas Bryson    rbryson@robinscloud.com, lmarquez@robinscloud.com**
- **John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com**
11   - **Barry S Glaser    bglaser@lkfirm.com, jlee@lkfirm.com**
- **David B Golubchik    dbg@lnbyb.com, stephanie@lnbyb.com**
12   - **Erin E Gray    egray@pszjlaw.com**
- **Gail S Greenwood    ggreenwood@pszjlaw.com, rrosales@pszjlaw.com**
13   - **David S Henshaw    david@henshawlaw.com, info@henshawlaw.com**
- **Eve H Karasik    ehk@lnbyb.com**
14   - **Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com**
- **Kelly L Morrison    kelly.l.morrison@usdoj.gov**
15   - **Giovanni Orantes    go@gobklaw.com, gorantes@orantes-
law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr8912
16     2@notify.bestcase.com**
- **Uzzi O Raanan    uraanan@DanningGill.com,
17     DanningGill@gmail.com;uraanan@ecf.inforuptcy.com**
- **Jeremy V Richards    jrichards@pszjlaw.com,
18     bdassa@pszjlaw.com;imorris@pszjlaw.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**

19
20   **2.  SERVED BY UNITED STATES MAIL**: On **September 30, 2020**, I served the following persons
and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a
21   true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid,
and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be
22   completed no later than 24 hours after the document is filed.

23   Oak River Asset Management LLC
400 S. Hope St., Suite 1050
24   Los Angeles, CA 90071-2836

25                                                          ☐ *Service information continued on attached page*

26

27

28

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

1   **3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR**
    **EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR,
2   on **September 30, 2020**, I served the following persons and/or entities by personal delivery, overnight
    mail service, or (for those who consented in writing to such service method), by facsimile transmission
3   and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or
    overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

4
    ***Served By Overnight Mail***
5   Hon. Ernest M. Robles
    United States Bankruptcy Court
6   Edward R. Roybal Federal Building
    255 E. Temple Street, Suite 1560 / Ctrm 1568
7   Los Angeles, CA 90012

8
    I declare under penalty of perjury under the laws of the United States of America that the foregoing is
9   true and correct.

10   September 30, 2020          Stephanie Reichert          /s/ Stephanie Reichert
     Date                       Type Name                   Signature
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                              **F 9013-3.1.PROOF.SERVICE**